IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JING WU, | No. C 06-07880 SI |
| Plaintiff, | **ORDER VACATING HEARING AND DENYING DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| MICHAEL CHERTOFF, et al., | |
| Defendants. | |

Defendants have moved to dismiss plaintiff's complaint for lack of jurisdiction and for failure to state a claim. Hearing on the motion is currently scheduled for April 27, 2007. Pursuant to Civil Local Rule 7-1(b), the Court determines that the motion is suitable for resolution without oral argument and hereby VACATES the April 27, 2007 hearing. The Initial Case Management Conference scheduled for April 27 remains on calendar. Having considered the papers submitted, and for good cause shown, the Court DENIES defendants' motion.

**BACKGROUND**

On September 15, 2003, plaintiff Jing Wu and her husband Wei Liu both filed an Application to Adjust to Permanent Resident Status ("I-485 application") to adjust their immigration status to lawful permanent resident. Complaint for Writ in the Nature of Mandamus ("Complaint") ¶ 2. Both filed their applications in the California Service Center of the United States Citizenship and Immigration Service (USCIS). Complaint ¶¶ 4, 5, 11. Mr. Liu's application was approved on April 11, 2005. Complaint ¶ 11. Plaintiff's application, however, is still pending. Complaint ¶ 13.

The application is still pending because the Federal Bureau of Investigation (FBI) has not

completed its name check procedure, which is part of the security and background check performed by the FBI as part of an I-485 application. Complaint ¶ 12, Exh. 3; *see also* Motion to Dismiss ("Mot.") at 4. The name check program's mission is to provide information to federal agencies such as the USCIS from the FBI's Central Records System. Cannon Decl. ¶ 4. Approximately ten percent of applicants are identified as possibly having an FBI Record. Cannon Decl. ¶ 14. At that point, the record must be reviewed. *Id.* If there is possible derogatory information, which happens less than one percent of the time, that information is forwarded to USCIS. Cannon Decl. ¶ 15. In the past few years, heightened national security concerns have resulted in delays in processing name checks for USCIS. Cannon Decl. ¶ 17-19.

Plaintiff alleges that the delays in processing her I-485 application have caused her damage, and seeks mandamus relief from the Court, praying that the Court enter an order requiring defendants to expedite the processing of her FBI name check and I-485 application. Complaint ¶¶ 15, 17. Defendants have brought the instant motion to dismiss for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim pursuant to Rule 12(b)(6)[1]. Mot. at 3.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's jurisdiction over the subject matter of the complaint. As the party invoking the jurisdiction of the federal court, the plaintiff bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 376-78, 114 S. Ct. 1673, 1675 (1994) (citation omitted). A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually." *Thornhill Publishing Co., Inc. v. General Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). When the complaint is challenged for lack of subject matter jurisdiction on its face, all material allegations in the complaint will be taken as true and construed in the light most favorable to plaintiff. *See NL Indus. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). A court may resolve factual disputes in determining the

---

[1] Defendants' Rule 12(b)(6) motion is based solely on a lack of jurisdiction argument, and the Court will therefore treat it as a Rule 12(b)(1) motion.

existence of jurisdiction without converting the motion to one for summary judgment. *See Trentacosta v. Frontier Pacific Aircraft Indus.*, 813 F.2d 1553, 1558 (9th Cir. 1987) (*citing Thornhill Pub. v. General Telephone & Electronics*, 594 F.2d 730, 733 (9th Cir. 1979)).

**DISCUSSION**

Plaintiff argues that the Court has jurisdiction to hear this action pursuant to the writ of mandamus, the Administrative Procedure Act (APA), and the Immigration and Nationality Act (INA).

"The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). "A writ of mandamus is appropriately issued only when (1) the plaintiff's claim is 'clear and certain'; (2) the defendant official's duty to act is ministerial, and 'so plainly prescribed as to be free from doubt'; and (3) no other adequate remedy is available." *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994) (quoting case).

"The APA authorizes suit by '[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute.'" *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 61 (2004) (quoting 5 U.S.C. § 702). "'Agency action' is defined in § 551(13) to include 'the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, *or failure to act*.' The APA provides relief for a failure to act in § 706(1): 'The reviewing court shall . . . compel agency action unlawfully withheld or unreasonably delayed.'" *Norton*, 542 U.S. at 61-62 (emphasis in original). In addition, section 555(b) of the APA states: "With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." As with a writ of mandamus, the APA "empowers a court only to compel an agency to perform a ministerial or non-discretionary act, or to take action upon a matter, without directing how it shall act," and an APA claim "can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take." *Norton*, 542 U.S. at 64 (quotation marks and citations omitted). "Of course § 706(1) also authorizes courts to 'compel agency action . . . unreasonably delayed'– but a delay cannot

be unreasonable with respect to action that is not required." *Id.* at 64 n.1.

Relief under mandamus and the APA are virtually equivalent when a petitioner seeks to compel an agency to act on a nondiscretionary duty. *See Gelfer v. Chertoff*, No. C 06-06724, 2007 U.S. Dist. LEXIS 26466, at *7 (N.D. Cal. Mar. 22, 2007), citing *Independence Mining Co. v. Babbitt*, 105 F.3d 502, 507 (9th Cir. 1997).

Defendants in this case argue that plaintiff cannot establish jurisdiction because plaintiff has no "clear right to immediate adjudication," and defendants have no "clear, ministerial duty to act within a particular time frame." Mot. at 3:13-14. For the following reasons, the Court disagrees.

The Immigration and Nationality Act ("INA") authorizes the Attorney General of the United States to adjust the permanent resident status of certain aliens who reside in the United States. *See* 8 U.S.C. § 1255. Section 1255(a) provides that

> [t]he status of an alien who was inspected and admitted or paroled into the United States . . . may be adjusted by the Attorney General, in his discretion *and under such regulations as he may prescribe*, to that of an alien lawfully admitted for permanent residence[.]

8 U.S.C. 1255(a) (emphasis added).

Section 245.2 of chapter 8 of the Code of Federal Regulations establishes the process by which an immigrant can apply to adjust his/her status to that of a Legal Permanent Resident. "An application for adjustment of status is made on Form I-485A." 8 C.F.R. § 245.2(a)(3)(iv). Subsection 245.2(a)(5) provides, in pertinent part: "Decision -- (i) General. The applicant shall be notified of the decision of the director and, if the application is denied, the reasons for the denial."

The Court agrees with the many district courts that have held that, taken together, the APA, the INA, and section 245.2(a)(5) of the CFR establish a clear and certain right to have immigration status adjustment applications adjudicated, and to have them adjudicated within a reasonable time frame. *See Singh v. Still*, 470 F. Supp. 2d 1064, 1068 (N.D. Cal. 2007) ("petitioners whose applications for adjustment in status are properly before the INS . . . have a right, enforceable through a writ of mandamus, to have the applications processed within a reasonable time.") (quoting case); *Gelfer v. Chertoff*, No. C 06-6724 WHA, 2007 U.S. Dist. LEXIS 26466, at *4-*5 (N.D. Cal. Mar. 22, 2007) ("Allowing the respondents a limitless amount of time to adjudicate petitioner's [I-485] application

4

would be contrary to the 'reasonable time' frame mandated under 5 U.S.C. 555(b) and, ultimately, could negate the USCIS's duty under 8 C.F.R. 245.2(a)(5)"); *Aboushaban v. Mueller*, No. C. 06-1280 BZ, 2006 WL 3041086, at *2 (N.D. Cal. Oct. 24, 2006) ("I read the statutory text as creating a non-discretionary duty to adjudicate the plaintiff's [change of status] application."); *Song v. Klapakas*, No. 06-5589, 2007 U.S. Dist. LEXIS 27203, at *10 (E.D. Penn. April 12, 2007) ("even though the actual decision to grant or deny an application for adjustment is discretionary, UCIS has a non-discretionary duty to act on applications within a reasonable time."); *see also Razaq v. Poulos*, No. C. 06-2461 WDB, 2007 U.S. Dist. LEXIS 770, at *7 (N.D. Cal. Jan. 8, 2007) (processing an I-130 marital-based status application "is ministerial and, therefore, . . . the Court has jurisdiction to consider whether to issue" a writ of mandamus).

This Court has jurisdiction to hear plaintiff's complaint under both the writ of mandamus and the APA. Plaintiff alleges in her complaint that defendants have delayed over three years in adjudicating her I-485 application. Defendants have provided a detailed description of the FBI name-check process in an attempt to explain the delay. The Court has reviewed defendants' papers, and finds nothing to compel the conclusion that three years is a "reasonable time" as a matter of law. The amount of time that is reasonable is a fact-specific inquiry, which is premature at this stage. *See Yu v. Brown*, 36 F. Supp. 2d 922, 934 (D.N.M. 1999) ("What constitutes an unreasonable delay in the context of immigration applications depends to a great extent on the facts of the particular case."); *see also Gelfer*, 2007 U.S. Dist. LEXIS 26466 at *6 ("On this motion to dismiss, it is premature to consider the exact sources of the delay to determine whether the delay was actually unreasonable under the circumstances.").

\\
\\
\\
\\
\\
\\
\\

5

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendant's motion to dismiss for lack of jurisdiction and failure to state a claim. [Docket No. 4]

**IT IS SO ORDERED.**

Dated: April 25, 2007

SUSAN ILLSTON
United States District Judge